**Electronically Filed
Intermediate Court of Appeals
CAAP-11-0000783
31-AUG-2012
07:55 AM**

NO. CAAP-11-0000783

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


STATE OF HAWAIʻI,
by its Attorney General David M. Louie,
Plaintiff-Appellee,

v.

MAUNA ZIONA CHURCH,
a Hawaiʻi non-profit corporation,
Defendant-Appellant


APPEAL FROM THE DISTRICT COURT OF THE THIRD CIRCUIT
(Kona Division)
(CIVIL NO. 3RC11-1-112K)


SUMMARY DISPOSITION ORDER
(By: Nakamura, Chief Judge, and Fujise and Leonard, JJ.)

Defendant-Appellant Mauna Ziona Church (MZC), a Hawaiʻi non-profit corporation, appeals from the "Final Judgment" filed on September 30, 2011, in the District Court of the Third Circuit (District Court).[1] Plaintiff-Appellee State of Hawaiʻi (State) filed a summary possession action in District Court against MZC. The District Court entered default on the pleadings against MZC, based on MZC's failure to secure legal counsel to represent it, and issued a Writ of Possession and Judgment for Possession in favor of the State. After MZC obtained legal counsel, the

---

[1] The Honorable Joseph P. Florendo, Jr., presided.

District Court denied MZC's request to set aside the entry of default and MZC's motion to dismiss for lack of jurisdiction.

On appeal, MZC argues: (1) the District Court erred in denying its request to set aside the entry of default; and (2) the District Court lacked subject matter jurisdiction under HRS § 604-5 (Supp. 2011) because MZC raised a question of title regarding the subject property. As explained below, we conclude that the District Court abused its discretion in denying MZC's request to set aside the entry of default and that MZC raised a sufficient question of title to divest the District Court of jurisdiction. Accordingly, we vacate the Final Judgment and remand the case with instructions that it be dismissed for lack of jurisdiction.

I.

On February 6, 2011, the State filed a "Complaint for Summary Possession" (Complaint), in which it sought possession of the premises described as the "Former Kalaoa School Lot" (subject property). The Complaint alleged, among other things, that: (1) the State was the lessor under a thirty-five year lease issued to Mauna Ziona Congregational Church in 1978; (2) MZC, a different entity, had occupied the subject property and paid the required nominal annual rent of $100 since 1978; (3) in 2008, the State discovered that MZC was not in compliance with the lease provision requiring the lessee to maintain liability insurance; (4) the lease was cancelled effective October 24, 2008, based on MZC's failure to cure this default; (5) MZC violated other provisions of the lease by failing to maintain fire insurance, using the subject property as a residence, and subletting the subject property without permission by the State.

On the return date for the Complaint, the Reverend Kahu Norman A. Keanaaina (Reverend Keanaaina) appeared on behalf of MZC. The District Court informed Reverend Keanaaina that because MZC was a corporation, it needed to obtain counsel to appear in the case. After several continuances, the District Court entered a default on the pleadings against MZC based on its failure to

secure counsel. Prior to the State's execution of the Writ of Possession, MZC secured counsel and filed motions requesting that the default be set aside and the case be dismissed for lack of subject matter jurisdiction. The District Court denied these motions and entered its Final Judgment. After MZC filed a notice of appeal, it requested that the District Court issue findings of fact and conclusions of law. On December 9, 2011, the District Court entered its "Findings of Facts [(FsOF)]; Conclusions of Law [(CsOL)]; Judgment and Order."

II.

We resolve the issues raised by MZC on appeal as follows:

A.

MZC argues that the District Court erred in denying its request to set aside the entry of default. We agree.

1.

The appellate courts review the denial of a motion to set aside default for abuse of discretion. County of Hawaiʻi v. Ala Loop Homeowners, 123 Hawaiʻi 391, 423, 235 P.3d 1103, 1135 (2010). Defaults and default judgments are disfavored and "any doubt should be resolved in favor of the party seeking relief, so that, in the interests of justice, there can be a full trial on the merits." BDM, Inc. v. Sageco, Inc., 57 Haw. 73, 76, 549 P.2d 1147, 1150 (1976).

> In general, a motion to set aside a default entry or a default judgment may and should be granted whenever the court finds (1) that the nondefaulting party will not be prejudiced by the reopening, (2) that the defaulting party has a meritorious defense, and (3) that the default was not the result of inexcusable neglect or a wilful act.

Id. at 77, 549 P.2d at 1150. The showing necessary to set aside the entry of default, which is good cause shown, is lower than that necessary to set aside a default judgment. Id. at 76-77, 549 P.2d at 1150.

2.

At the hearing on MZC's request to set aside default, the District Court stated that it was denying the request based

3

on MZC's failure to meet the "second and third prongs of the BDM-against-Sageco standard," namely, MZC's failure to show that: (1) it has a meritorious defense and (2) the default was not the result of inexcusable neglect or a wilful act.  The District Court did not base its ruling on the first prong of the BDM v. Sageco test relating to the lack of prejudice to the non-defaulting party.

However, in its CsOL issued after MZC filed its notice of appeal, the District Court concluded that: (1) the State would be prejudiced by setting aside the default because it has recovered possession of the subject property; (2) MZC did not have a meritorious defense; and (3) "[MZC's] default was not the result of inexcusable neglect or wilful act."  (Emphasis added.)  Thus, the District Court's written CsOL differed from its oral ruling denying MZC's request to set aside default, in that the CsOL: (1) relied upon a finding of prejudice to the State, which was not a reason cited at the hearing; and (2) seemingly reached the opposite conclusion from the one expressed at the hearing on whether the default was the result of inexcusable neglect or a wilful act.

Although MZC agrees with the District Court's COL that "[MZC's] default was not the result of inexcusable neglect or wilful act[,]" MZC notes the possibility that this COL was a mistake and that "the District Court intended to conclude otherwise."  Even assuming arguendo that the District Court meant to say in its COL that MZC's default was the result of inexcusable neglect or a wilful act, we conclude that the Circuit Court erred in applying the BDM v. Sageco factors and in denying MZC's request to set aside the default.

3.

The State did not argue in the District Court, and it does not argue on appeal, that it would have suffered prejudice if the default was set aside.  We conclude that the record does not support the District Court's finding that the State would have been prejudiced if the default had been set aside.  See BDM,

4

57 Haw. at 77, 549 P.2d at 1150 ("The mere fact that the nondefaulting party will be required to prove his case without the inhibiting effect of the default upon the defaulting party does not constitute prejudice which should prevent a reopening.").

4.

MZC argues that it demonstrated a meritorious defense to the State's summary possession action by raising a question of title to the subject property that divested the District Court of subject matter jurisdiction.  We agree.

"HRS § 604-5(d) precludes the district courts of this state from exercising jurisdiction in 'real actions . . . in which the title to real estate comes in[to] question[.]'" Deutsche Bank Nat'l Trust Co. v. Peelua, 126 Hawaiʻi 32, 36, 265 P.3d 1128, 1132 (2011) (ellipsis points and brackets in original) (quoting HRS § 604-5(d)).  District Court Rules of Civil Procedure (DCRCP) Rule 12.1 (1972) provides:

> **Pleadings.**  Whenever, in the district court, in defense of an action in the nature of an action of trespass or for the summary possession of land, or any other action, the defendant shall seek to interpose a defense to the jurisdiction to the effect that the action is a real action, or one in which the title to real estate is involved, such defense shall be asserted by a written answer or written motion, which shall not be received by the court unless accompanied by an affidavit[2/] of the defendant, setting forth the source, nature and extent of the title claimed by defendant to the land in question, and such further particulars as shall fully apprise the court of the nature of defendant's claim.

(Emphasis added.)  Where a question of title is raised, the district court cannot pass upon the merits of that question, but rather is ousted of jurisdiction.  Monette v. Benjamin, 52 Haw. 246, 250, 473 P.2d 864, 866 (1970).

After retaining counsel, MZC submitted declarations of Reverend Keanaaina in support of its requests to set aside the

---

2/ Rule 7(g) of the Rules of the District Courts of the State of Hawaiʻi permits an unsworn declaration that is subscribed to be true under penalty of law to be submitted in lieu of an affidavit.

default and to dismiss the case for lack of subject matter jurisdiction.  In these declarations, Reverend Keanaaina asserted, among other things, that: (1) he is the Reverend President and Administrator of MZC and is also the Reverend of the entire Protestant Church of Kekaha; (2) "MZC is part of the Protestant Church of Kekaha, an ecclesiastical association of churches located in North Kona, Island of Hawaii"; (3) the subject property, which is approximately 1.44 acres, was part of Royal Patent No. 990 (Parcel 990); (4) "[MZC's] claim of title is based upon the 1889 conveyance deed of [Parcel 990], dated May 23, 1889, and recorded in the Hawaii Registry Liber Book 116, Pages 170 and 171"; (5) "[t]he 1889 deed conveyed title to this property to the 'Board of the Hawaiian Evangelical Association' but named the Protestant Church of Kekaha as the beneficial owner (in a passive trust arrangement)"; (6) in a related litigation involving portions of Parcel 990 other than the subject property, MZC obtained a stipulated dismissal and a quitclaim deed from The Hawaii Conference of the United Church of Christ to MZC regarding this other portion of Parcel 990; and (7) despite inquiries by Reverend Keanaaina, the State has failed to present evidence of its ownership rights to the subject property.  MZC also submitted copies of the May 23, 1889, conveyance deed, which it cited as the source of its title to the subject property, and the stipulation and quitclaim deed from the related litigation, which referred to a deed dated May 23, 1889, at the same liber and page number.

We conclude that the declarations of Reverend Keanaaina and the exhibits attached thereto satisfied the requirements of DCRCP Rule 12.1 and sufficiently raised the question of title to divest the District Court of jurisdiction.  See Monette, 52 Hawai'i at 248-50, 473 P.2d at 865-66.  In its FsOF and CsOL, the District Court mischaracterized MZC's claim to title as being based on the stipulation and quitclaim deed from the related litigation, and it did not address the primary basis for MZC's claim of title to the subject property, which was the 1889

conveyance deed of Parcel 990. We also note that the State did not present any evidence of its own source of title or that its source of title post-dated the 1889 conveyance deed. C.f. Deutsche Bank, 126 Hawai'i at 38 & n.38, 265 P.3d at 1134 & n.14 (noting that a defendant could not divest the district court of jurisdiction based on a claim of interest or title to the property at issue that was derived from an agreement no longer in force).

5.

Assuming arguendo that the District Court meant to say in its COL that MZC's default was the result of inexcusable neglect or a wilful act, we conclude that the District Court erred. MZC submitted declarations from Reverend Keanaaina detailing his efforts to obtain counsel and explaining that he had obtained agreements by two lawyers to represent MZC, but that the lawyers later changed their minds. Reverend Keanaaina's declarations show that MZC made a good faith effort to retain counsel. In addition, MZC did retain counsel shortly after the default was entered; MZC filed its request to set aside the default before the Writ of Possession was executed; and the State did not assert that it would be prejudiced if the default was set aside. Under the circumstances of this case, we conclude that MZC's default was not the result of inexcusable neglect or a wilful act. See Ala Loop Homeowners, 123 Hawai'i at 423-25, 235 P.3d at 1135-37.

6.

For the foregoing reasons, we conclude that the District Court abused its discretion in denying MZC's request to set aside the entry of default.

B.

As noted, we conclude that MZC satisfied the requirements of DCRCP Rule 12.1 and sufficiently raised the question of title to divest the District Court of jurisdiction. Accordingly, the District Court erred in denying MZC's motion to dismiss for lack of subject matter jurisdiction.

III.

We vacate the Final Judgment filed by the District Court on September 30, 2011, and we remand the case with instructions that it be dismissed for lack of jurisdiction.

DATED: Honolulu, Hawai'i, August 31, 2012.

On the briefs:

Margaret Wille
for Defendant-Appellant

Donna H. Kalama
Colin J. Lau
Deputy Attorneys General
Department of the Attorney General
for Plaintiff-Appellee

Chief Judge

Associate Judge

Associate Judge